THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| **ELISSA SHETZER, SHANA BETTS** | § | |
| **ERIC MARTIN, JASON COPE and** | § | |
| **ANGELA GUFFEY, Each Individually and on** | § | |
| **Behalf of All Others Similarly Situated** | § | |
| | § | |
| | § | **No. 5:15-cv-112-RWS** |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **HARTE-HANKS RESPONSE** | § | |
| **MANAGEMENT/AUSTIN, INC.** | § | |
| | § | |
| **Defendant.** | § | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

Plaintiffs Elissa Shetzer, Shana Betts, Eric Martin, Jason Cope, and Angela Guffey ("Named Plaintiffs"), individually, and on the behalf of those who have opted-in to this collective action ("Opt-in Plaintiffs" and, together with Named Plaintiffs, "Plaintiffs"), by and through their undersigned attorneys ("Plaintiffs' Counsel"), and Defendant Harte-Hanks Response Management/Austin, Inc. ("Defendant" or "Harte-Hanks" and, together with Plaintiffs, "Parties"), by and through its undersigned attorneys ("Defendants' Counsel"), hereby submit their Joint Motion for Approval of Settlement Agreement and respectfully show the Court as follows:

### I.    BACKGROUND

Plaintiffs, current and former employees at Harte-Hanks' Texarkana customer contact center, commenced this action in July 2015 (the "*Shetzer* Lawsuit"), alleging that they were required to perform uncompensated pre- and post-shift work in violation of the Fair Labor Standards Act (the "FLSA"). *See* Dkt. No. 1.

In February 2016, the Court granted in part Plaintiffs' request to conditionally certify a class and ordered that notice thereof be sent to all individuals employed by Harte-Hanks "as agents in any FedEx Customer Service or Trace line of business at Defendant's call center in Texarkana, Texas, at any time since December 24, 2012." *See* Dkt. No. 36.  Notice was sent to putative class members, and 245 individuals timely opted-in to the class by executing and filing with the Court a Consent to Join Collective Action (a "Consent to Join").  By executing a Consent to Join, each Opt-in Plaintiff agreed "to be bound by any settlement of this action or adjudication by the Court."  *See, e.g.*, Dkt. Nos. 40-47.

In June 2016, Plaintiffs sought to have additional individuals included in the class who failed to file timely their Consent to Join, and the Court denied their request.  *See* Dkt. No. 107. Those individuals (the "Bennett Plaintiffs") subsequently filed a separate lawsuit (the "*Bennett* Lawsuit"),[1] asserting allegations identical to those at issue herein.  The Bennett Plaintiffs are also represented by Plaintiffs' Counsel.

Since the outset of this suit, Harte-Hanks has vehemently denied all allegations of liability and vigorously defended against Plaintiffs' claims.  Harte-Hanks continues to maintain that (i) its compensation policies comport with the requirements of the FLSA, (ii) it acted at all times in good faith, and (iii) it never willfully violated the FLSA.

At mediation on October 18, 2016, after considerable time, effort, and expense had already been incurred in litigating this matter, the Parties reached an agreement to settle all claims in this lawsuit, as well as those in the *Bennett* Lawsuit.  The Parties jointly request that the Court approve this settlement, the terms and conditions of which have been memorialized in a written settlement agreement (the "Settlement Agreement").  As set forth in more detail below,

---

[1] *Mary Ann Bennett, et. al. v. Harte Hanks Response Management/Austin, Inc.*, Civil Action No. 5:16-cv-99-RWS, U.S. District Court for the Eastern District of Texas, Texarkana Division.

there are bona fide disputes of law and fact between the Parties, and the settlement to which the Parties have agreed is a fair and equitable compromise of such disputes.  Because the Parties have agreed to maintain the confidentiality of the specific terms of the Settlement Agreement, the Parties jointly request to present such to the Court *in camera* for review.  Contemporaneously with this filing, the Parties are mailing a copy of the Settlement Agreement to the Court's chambers for review and approval.[2]

## II.   THE   STANDARD   FOR   APPROVING   FLSA   SETTLEMENT AGREEMENTS

Although private settlements of bona fide disputes under the FLSA need not be approved by a court  (*see Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247 (5th Cir. 2012)), a court may require that the parties seek approval before a fair and reasonable settlement agreement is effectuated to ensure that it was reached as a result of contested litigation to resolve a bona fide dispute between the parties.  *See Lynn's Food Stores v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982) (*citing Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697(1945)).  The Court should readily conclude that this standard for approval has been satisfied.

### A.  *Bona Fide Disputes Exist Between the Parties*

The Parties have engaged in extensive written discovery in connection with this litigation and the *Bennett* lawsuit, and they have exchanged various legal authorities which they believe support their respective positions.  Nevertheless, bona fide disputes remain as to whether, and to what extent, Defendants would be liable for the alleged violations of the FLSA.  In particular, a bona fide dispute exists regarding whether Plaintiffs actually worked overtime without compensation, and if they did, the amount of such uncompensated work.

---

[2] If the Court finds it beneficial and necessary, Plaintiffs' Counsel is available to present affidavits to the Court, *in camera*, discussing the reasonableness of the attorneys' fees for the settlement.

Additionally, there is a bona fide dispute regarding whether Plaintiffs can establish a "willful" violation of the FLSA, and whether the presumptive two year limitations period should govern.  Harte-Hanks contends that it has presented sufficient evidence, such as timekeeping policies and procedures that mandate and ensure full compliance with FLSA requirements and payment for all time worked, to demonstrate that it acted in good faith.  However, Plaintiffs contend that they "were/are required to work off the clock, including but not limited to, reporting to work and preparation for taking customer calls, prior to the time they were allowed to clock in, as well as often remaining at work to take a final customer call after the time their phones automatically clocked them out." *See* Dkt. No. 29.

Lastly, a bona fide dispute exists as to whether collective action treatment is appropriate and whether decertification will occur following full discovery.[3]  Both sides have preliminarily addressed this issue in their briefs on conditional certification. *See* Dkt. Nos. 9, 23.

In sum, there are genuine, bona fide disputes under the FLSA in this case.  Because of the Parties' conflicting factual allegations and views on the applicable law, the Parties have agreed that the terms of the Settlement Agreement are in the best interests of the Parties and reflect an arms' length negotiation and compromise of the disputes.

## B.  The Settlement is Fair and Reasonable

While the Parties have decidedly different views on the merits of this case, the Parties agree that the Settlement Agreement is fair and represents a reasonable compromise of the bona fide issues herein.  Moreover, the Settlement Agreement passes muster under the Fifth Circuit's fairness criteria which includes the following: "(1) the existence of fraud or collusion behind the

---

[3]  Harte-Hanks does not intend to waive, through this Motion or otherwise, its contention that the lawsuit is inappropriate for collective action treatment under the FLSA because of dissimilar job responsibilities and duties of the Plaintiffs.  Harte-Hanks is agreeing to resolve this case only to avoid the fees and costs associated with protracted litigation and reserves its right to contest certification should the Court not approve the Parties' settlement.

settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery;  and (6) the opinions of the class counsel, class representatives, and absent class members." *Reed v. Gen'l Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983).  Applying these factors to the Settlement Agreement, the Court should find that the settlement meets the relevant requisites.

With respect to the first factor, there is no indication or suggestion of fraud or collusion behind the settlement.  Any such suggestion is belied by the vigorous disputes that have occurred between the Parties since the initial stages of this case.  The terms of the settlement were negotiated at arms' length by experienced counsel with the assistance of an experienced mediator.

As to the second, third, and fourth factors, the Parties have engaged in discovery and are aware of the inherent risks of litigation and agree that the Settlement Agreement would avoid the waste of judicial resources.[4]  The Parties understand that even if the Plaintiffs were ultimately to prevail on the issue of liability, this process would consume several months or years, and their damages may not exceed (and may be less than) the amounts to which they are currently scheduled to receive under the Settlement Agreement.  An ultimate recovery, if any, would be further delayed by the appellate process.  Therefore, the Settlement Agreement allows the Parties to resolve the claims at issue without the necessity or delay of trial and possible appeals and the attendant uncertainty associated with both.

With regard to the fifth factor, the amounts scheduled to be paid under the Settlement Agreement are substantial on a collective and individual basis and allow Plaintiffs to recover

---

[4] Harte-Hanks has produced thousands of pages of  documents, including three years of time and payroll records for each Plaintiff.

their alleged unpaid wages, an additional amount attributable to liquidated damages, and a fixed amount attributable to incurred attorneys' fees.   These amounts are individualized for each Plaintiff and were negotiated using independent damage models prepared by both parties, which models were based on a full analysis of applicable wage statement and time records.   In exchange for the monetary payments specified in the Settlement Agreement, Plaintiffs agree to release Harte-Hanks from any and all FLSA claims and any claims for unpaid wages which may arise under federal, state, or local law, regulation, or ordinance.

And in connection with the sixth factor, Plaintiffs, Harte-Hanks, Plaintiffs' Counsel, and Defendants' Counsel have agreed that the Settlement Agreement is in the best interests of all parties and confers substantial benefits upon Plaintiffs.   The endorsement of the settlement by counsel for both sides is a "factor that weighs in favor of approval."   *Quintanilla v. A&R Demolition Inc.*, CIV.A. H-04-1965, 2008 WL 9410399, at *1 (S.D. Tex. May 7, 2008).   Overall, the Parties' agreement to settle this matter is informed and represents a fair and reasonable compromise of the claims.

## III.   CONCLUSION

Although the Fifth Circuit has previously determined that private, arms' length negotiations between employer and employee to resolve wage and hour claims are enforceable, even in the absence of court approval, the Parties seek Court supervision and approval, particularly since the agreement affects the rights of the Opt-in Plaintiffs.   Accordingly, the Parties respectfully request that the Court issue an order approving the Settlement Agreement.

Respectfully submitted,

SANFORD LAW FIRM, PLLC

By: */s/ Josh Sanford*
Josh Sanford
Texas Bar No. 24077858
One Financial Center
650 S. Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040
josh@sanfordlawfirm.com

CROSNER LEGAL, P.C.
Michael R. Crosner (admitted *pro hac vice*)
California Bar No. 41299
433 N. Camden Dr., Ste. 400
Beverly Hills, CA  90210
Telepone:  (310) 496-5818
Facsimile:  (310) 510-6429
mike@crosnerlegal.com

**ATTORNEYS FOR PLAINTIFFS**

and

ANDREWS KURTH KENYON LLP

By: */s/ Isabel A. Crosby*
Isabel A. Crosby
Bar No. 24050266
1717 Main Street, Suite 3700
Dallas, Texas 75201
Telephone: (214) 659-4400
Facsimile: (214) 659-4401
isabelcrosby@andrewskurth.com

**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the Joint Motion for Approval of Settlement Agreement has been electronically filed with the Clerk for the U.S. District Court, Eastern District of Texas, Texarkana Division, using the Electronic Case Filing system of the Court, and that the attorneys of record are registered to receive from the Clerk of the Court an electronic copy thereof.


*/s/ Isabel Crosby*
**Isabel Crosby**